UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                  :

BENJAMIN RECHES,                :     **MEMORANDUM**
                  :     **DECISION AND ORDER**
            Plaintiff,    :
                  :     16 Civ. 1663 (BMC) (SMG)
       - against -       :
                  :

MORGAN STANLEY AND COMPANY,  :
                  :
            Defendant.  :
-------------------------------------------------------------- X

COGAN, District Judge.

Plaintiff *pro se* brings this action to recover payments due as part of a 2014 settlement agreement with defendant as well as compensation owed through various employee benefits plans that defendant provided to its employees. He originally brought this action in State Supreme Court and defendant subsequently removed it to this Court. Defendant asserted federal question jurisdiction over plaintiff's second cause of action and supplemental jurisdiction over plaintiff's other causes of action pursuant to 28 U.S.C. § 1367. Defendant has now moved to dismiss plaintiff's second, third, and fourth causes of action on a variety of grounds. The Court grants defendant's motion as to claims two and four, and declines to exercise supplemental jurisdiction over the other two claims.

**BACKGROUND**

Plaintiff commenced providing services to defendant as a "leased employee," *i.e.*, doing work for defendant, but employed and paid by another company, beginning in November 1985 and ending in March 1988. When plaintiff terminated his employment with the leasing

company, Pinkerton, a dispute arose between plaintiff and Pinkerton regarding back-pay, which resulted in an arbitration award in favor of plaintiff. However, plaintiff claims that he was unable to actually collect the award, because defendant's legal department told plaintiff that he had to forgive the debt owed by Pinkerton if he wanted to work for defendant.

Beginning in 1988, plaintiff worked for defendant as an independent contractor – directly billing defendant and receiving a 1099 tax form – up until December 1990, when defendant hired plaintiff as a "direct employee." Plaintiff continued in direct employment with defendant until May 1996, when he left the firm for a year to work at KPMG. In May 1997, plaintiff again began providing services to defendant as a leased employee, this time through a leasing company called Contractors Resources, and he continued in this status up until June 2001. At that time, defendant hired him once again as a "direct employee," a status plaintiff retained for the remainder of his tenure with the firm.

In 2014, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In June of that year, the parties entered into a settlement agreement, whereby defendant made payments to plaintiff in consideration for his agreement to voluntarily waive the EEOC claim as well as any past or future claims as stipulated in the agreement. Plaintiff retired from defendant at that time, and brought this action in May 2016.

Plaintiff's first cause of action alleges that defendant violated the 2014 settlement agreement by failing to compensate plaintiff for accrued vacation time during plaintiff's tenure as an employee of defendant. Plaintiff's second and fourth causes of action allege that defendant miscalculated plaintiff's Pension and Employee Stock Option Plan ("ESOP") benefits. Specifically, plaintiff contends that defendant misclassified him as an "independent contractor" and "leased employee" during certain stages of his employment with defendant or Contractors

Resources, which in turn meant he was excluded from receiving employee benefits. Plaintiff's third cause of action alleges that he should be reimbursed by defendant for failure to pay the employer portion of the annual Social Security taxes incurred by plaintiff during his employment as a 1099 employee. Defendant moves to dismiss claims two and four, which fall under ERISA, as well as claim three regarding Social Security tax violations. Defendant has not moved to dismiss claim one.

## DISCUSSION

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in order to defeat a motion to dismiss, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57). However, a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Instead, a complaint "must be supported by factual allegations." Id.

*Pro se* complaints are subject to a more liberal standard and are given the benefit of the "strongest arguments that they suggest." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citation omitted). Nevertheless, despite this lenient burden, the Court "need not accept as true plaintiff's 'conclusions of law or unwarranted deductions of fact.'" Shamilov v. Human Resources Admin., No. 10 Civ. 8747, 2011 WL 6085550, at *4 (S.D.N.Y. Dec. 6, 2011) (citation omitted).

Normally, when material outside the complaint is presented to and not excluded by the court, the motion is treated as one for summary judgment. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). However, where a plaintiff relies on the terms and effect of a document in drafting the complaint, the court may consider the document on a motion to dismiss for failure to state a claim because that document is "integral" to plaintiff's complaint. Id. (internal citation omitted). Such is the case here. Plaintiff's complaint repeatedly relies on the pension plan and the ESOP documents, including the Summary Plan Document, and his second and fourth causes of action are based on their language. Those documents are integral to plaintiff's claims under ERISA. I will therefore consider their language when determining whether plaintiff has failed to state a claim. See Guo v. IBM 401(k) Plus Plan, 95 F. Supp. 3d 512, 522 (S.D.N.Y. 2015) (considering Plan Document, the Beneficiary Designation Form, and the various letters between plaintiff's counsel and the Plan Fiduciaries because they were essential to plaintiff's ERISA claims); see also DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 540 (E.D.N.Y. 2011).

## I.      Second and Fourth Causes of Action: Pension and ESOP Benefits

Plaintiff's second and fourth causes of action allege that defendant failed to properly compensate plaintiff pursuant to the pension plan and ESOP. Plaintiff argues that defendant misclassified him as an "independent contractor" and as a "leased employee" during time periods where their employment relationship dictated one of direct employment. As a result, plaintiff was considered ineligible for either plan's benefits during those time periods and, therefore, did not receive the benefits.

Defendant argues that plaintiff's second and fourth causes of action are barred by the statute of limitations. Although "[t]he lapse of a limitations period is an affirmative defense that

a defendant must plead and prove[,]" a defendant may raise the statute of limitations as a "pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008); Guo, 95 F. Supp. 3d at 519.

Defendant's pension plan and ESOP are governed by ERISA, 29 U.S.C. § 1001 *et seq.*, which governs "any employee benefit plan if it is established or maintained – (1) by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C.A. § 1003(a)(1); see also Guilbert v. Gardner, 480 F.3d 140, 146 (2d Cir. 2007) (noting that ESOPs are governed by ERISA). Although ERISA does not provide a statute of limitations period for filing such claims, the Second Circuit has applied a six-year limitation period analogous to N.Y. CPLR § 213 for plans sponsored by New York employers. See Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan, 572 F.3d 76, 80 (2d Cir. 2009).

Given that plaintiff alleges misclassification of his employment status, plaintiff's claims began to accrue from the time plaintiff was put on notice that he was not entitled to benefits. See Brennan v. Metropolitan Life Insurance Co., 275 F. Supp. 2d 406, 409 (S.D.N.Y. 2003) (collecting cases). Thus, the statute of limitations for plaintiff's pension and ESOP benefits claims began to run when he first became aware that he was classified as an "independent contractor" or "leased employee" by defendant. Id. at 10.

Neither party disputes that plaintiff was classified as a "1099 employee" from March 1988 through December 1990, and as a "leased employee" from May 1997 through June 2001. Plaintiff acknowledges that he was well aware of his employment status with defendant and that he received the corresponding tax documentation supporting these classifications. Plaintiff was therefore on notice that defendant did not classify plaintiff as its employee and that he had been

deemed ineligible for employee benefits at the time he received his first paycheck as an

independent contractor in 1988 and then as a leased employee in 1997.

Plaintiff instead contends that the statute should be tolled due to "economic coercion."

Plaintiff argues that he was subjected to economic coercion by defendant because once, in 1988,

he was told by an unidentified person in defendant's legal department to forgive a valid debt

owed by Pinkerton if he wished to keep his job with defendant.  Plaintiff therefore requests

discovery in the form of interrogatories and phone records from 1988 to establish that this

conversation occurred, and argues that the statute of limitations should not start before plaintiff

retired from defendant. Discovery, however, is unnecessary, because I assume for purposes of

this motion that such a conversation occurred.  The question is whether that conversation has any

legal effect on the statute of limitations.

Plaintiff's argument is most reasonably construed as one for equitable tolling or equitable

estoppel.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814

(2005); Mottahedeh v. United States, 794 F.3d 347, 352 (2d Cir. 2015).  Because "statutes of

limitations protect important social interests in certainty, accuracy, and repose, equitable tolling

is considered a drastic remedy applicable only in rare and exceptional circumstances." A.Q.C.

ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (internal citations and marks

omitted); Baroor v. N.Y.C. Dep't of Educ., 362 Fed. App'x 157, 159 (2d Cir. 2010) (quoting

Zerilli–Edelglass, 333 F.3d at 80); Bertin v. United States, 478 F.3d 489, 494 n. 3 (2d Cir. 2007).

Plaintiff has not shown any rare or exceptional circumstances here.   First, he has not

demonstrated that he pursued his rights diligently.  In fact, from his own account, he did nothing

to pursue his rights at all. He admittedly did not exhaust any internal process and did not bring a claim to an administrative agency or a court before bringing this action approximately 25 years after he was first classified as an independent contractor and approximately 19 years after he was first classified as a leased employee.

Second, plaintiff's version of the facts, even taken as true, do not establish that there was "an extraordinary circumstance" that stood in the way of plaintiff filing a claim within the six year statute of limitations. Plaintiff alleges no other economic coercion besides this one conversation, stating only that he was "always scared to raise any issues with Defendant for fear of losing his job." But plaintiff is not excused from the statute of limitations merely because he did not want to raise the issue with defendant; the statute of limitations operates not as a bar to bringing an issue to defendant, but as a bar to bringing a claim to court. Even assuming arguendo that the conversation he describes would have excused him from exhausting his administrative remedies, it would not excuse his failure to bring his claim before a court. Plaintiff is essentially asking this court to toll the statute of limitations because he wanted to continue working for defendant. But an individual cannot sit on his rights for nearly 15 years merely because he does not want to cause trouble for himself at work; to do so would be to eviscerate the very purpose of the statute of limitations. Further, if plaintiff had brought a case at any time during the applicable period after his claims accrued and suffered retaliation, there were both state and federal remedies available to him. Lastly, plaintiff alleges that defendant coerced him in 1988, but the circumstances under which the coercion took place were completely unrelated to – and, in the case of his later leased employment, over a decade before – his classification as a non-employee. The facts as alleged are not extraordinary and do not support equitable tolling.

7

In addition, it is clear from the allegations in the complaint that defendant did not

"conceal[] from the plaintiff the existence of a cause of action." Cerbone v. ILGWU, 768 F.2d

45, 48 (2d Cir. 1985).  Plaintiff was either paid by defendant and considered an independent

contractor, or was paid by another employer and considered a leased employee.  But in either

case, plaintiff was completely aware of his employment status.[1]

Nor does plaintiff do any better under the related doctrine of equitable estoppel.    See

Bennett v. U.S. Lines, Inc., 64 F.3d 62 (2d Cir. 1995) (explaining the difference between

equitable estoppel and equitable tolling).  Equitable estoppel is applied to cases "where the

plaintiff can prove that he knew of the existence of a cause of action but the defendant's conduct

caused [him] to delay in bringing his lawsuit." Buttry v. General Signal Corp., 68 F.3d 1488,

1493 (2d Cir. 1995) (citation omitted).  Defendant's conduct was not of the type that would

prevent plaintiff from seeking relief.  This is particularly so where, after the alleged coercion

occurred, plaintiff had stopped working for defendant in 1996 to work at a completely unrelated

entity, and still did not bring any claim. Further, plaintiff did not work directly for defendant

again until 2001, 16 years after he was allegedly coerced to pursue a debt against a former

employer, and he does not allege any coercion that occurred when he became a leased employee

again in 1997.  Plaintiff's version of the facts does not support equitable estoppel.

---

[1] Defendant was not concealing a cause of action by failing to provide employee benefit information to someone it did not consider to be an employee.  Plaintiff first began working for defendant in 1990 as a direct employee, at which point he would have been given and otherwise would have had access to the pension and ESOP documents. His failure to bring a cause of action at any point after that is no one's fault but his own.

Thus, because the statute of limitations has run, plaintiff's claims for pension and ESOP benefits are time barred and those claims are dismissed. [2]

## II.     Supplemental Jurisdiction

Having dismissed the claims over which I have original jurisdiction, I decline to exercise supplemental jurisdiction over plaintiff's first and third causes of action, both of which arise under New York state law.[3] See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim if it has "dismissed all claims over which it has original jurisdiction."); Alliance of Auto. Mfrs., Inc. v. Currey, 610 Fed. App'x 10 (2d Cir. 2015); Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir. 1994).  This case is at the very preliminary stages and no proceedings have occurred other than this motion to dismiss.  All factors suggesting deference to state courts on matters of state law when there is an absence of federal issues weigh in favor of remand.  See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139 (1966).

---

[2] Defendant also argues that plaintiff's claims should be dismissed for failure to exhaust. Defendant is correct. Plaintiff admittedly failed to exhaust his claims, and his arguments as to why he should be excused from the exhaustion requirement fail as a matter of law.

[3] Plaintiff's third cause of action alleges that defendant failed to pay the proper Social Security taxes.  However, because there is no private right of action under federal law against the employer for such a claim, see Baraschi v. Silverwear, Inc., No. 01 CIV. 11263, 2002 WL 31867730 (S.D.N.Y. Dec. 23, 2002), plaintiff's claim, read liberally, states a claim for breach of his employment contract, which arises under state law.

## CONCLUSION

Plaintiff's second and fourth causes of action are dismissed with prejudice.  Plaintiff's first and third causes of action are remanded to the Supreme Court, Kings County.

**SO ORDERED.**

_____
U.S.D.J.

Dated:  Brooklyn, New York
        August 26, 2016